**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TINH VAN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00323-JD |
| | ) | |
| WARDEN OF DIAMONDBACK | ) | |
| DETENTION FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Shon T. Erwin on March 30, 2026. [Doc. No. 11]. The R. & R. recommends that the Court dismiss without prejudice Petitioner Tinh Van Nguyen's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Injunctive Relief [Doc. No. 1]. For the reasons set forth below, the Court ACCEPTS the R. & R.

Judge Erwin issued several orders requiring Petitioner's counsel to comply with the Court's local rules on behalf of Petitioner. *See* [Doc. Nos. 6, 8, 9]. Judge Erwin warned Petitioner that failure to comply with the Court's orders and rules may result in the dismissal of the action. *See* [Doc. No. 6 at 1; Doc. No. 9 at 2]. Petitioner failed to comply or seek an extension of time to comply with the Court's orders and the local rules.

The R. & R. thus concludes that the action should be dismissed without prejudice for Petitioner's failure to follow the Court's orders and rules. *See* R. & R. at 2, 3. The R.

& R. notes that adoption of the recommendation "will render Petitioner's Motion for Temporary Restraining Order moot." *Id.* at 3. The R. & R. advised the Petitioner of his right to object by April 13, 2026, and warned that failure to timely object would waive appellate review of both factual and legal issues. *Id.* at 3–4. Petitioner did not file an objection or request an extension of time to do so.

## I.    LEGAL STANDARDS

When a magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations" after being served with a copy of the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). That the district judge performs a "de novo determination" does not mandate additional or repeat evidentiary hearings. *United States v. Raddatz*, 447 U.S. 667, 674 (1980).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to

the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.*

Two exceptions to the waiver rule exist: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120

## II.    **DISCUSSION**

The R. & R. sufficiently informed Petitioner of both the deadline for objecting and the consequences of failing to object. *See* R. & R. at 3–4. Petitioner has counsel, and the interests of justice do not require review. The Court's orders warned about the consequences of failing to comply with the Court's orders and rules. And the Court has no evidence of any effort to comply or an explanation for the failure to do so.

Thus, the firm waiver rule applies, and Petitioner has waived his right to challenge the R. & R. Alternatively, de novo review would lead the Court to reach the same conclusion as Judge Erwin.

## III.    **CONCLUSION**

For these reasons, the Court ACCEPTS the Report and Recommendation [Doc. No. 11] in its entirety and DISMISSES the Petition for a Writ of Habeas Corpus [Doc.

3

No. 1] without prejudice. Petitioner's Emergency Motion for Preliminary Injunction [Doc. No. 3] is DENIED as moot. A separate judgment will follow.

IT IS SO ORDERED this 21st day of April 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4